UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *George*, 7:20cv71963 | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

# ORDER

This matter was originally set for a two-week trial to begin on October 24, 2022. On September 23, 2022, the trial was continued on Plaintiff David Elliott George's motion, without opposition from Defendant 3M Company, in part to allow for limited discovery on successor liability issues and in part to free the parties to focus on the ongoing MDL mediation discussions without the distraction of a trial. Recent developments have negated both bases for the continuance.

First, the MDL mediation session set for October 6, 2022 has been cancelled. Briefly, for several weeks before the George trial was continued, both sides had repeatedly voiced their commitments to a global resolution through the MDL mediation process. 3M, in particular, gave every indication that it was engaged in a good faith effort to globally resolve the MDL. However, this past Friday, the Court was advised by the mediator that 3M had changed its position yet again and that at

this time the company has no intention of globally resolving the MDL.[1]  In light of this information, proceeding with the upcoming MDL mediation session would be an unproductive waste of time and resources that are better directed at more meaningful ends, such as adjudicating claims, whether in the MDL or on remand to the transferor courts.  Because the MDL mediation process is essentially halted, it is no longer a justification for continuing the George trial.

Second, the Court has reconsidered the need for discovery into successor liability, at least for purposes of the George trial.  The parties in the remaining Wave cases are filing omnibus motions on the waiver and estoppel issues associated with successor liability within the next week, and those motions—which will ultimately impact all individual cases, including George—will be resolved shortly thereafter. Resolution of those legal questions may eliminate the need for fact discovery on the merits of successor liability.  To conserve the parties' time and resources, and because the Court is also considering the relative prejudice of reopening discovery on any common issue at all given the late stage of this litigation, the Court finds it appropriate to call off fact discovery on successor liability in the George case until those legal questions are resolved.  In the meantime, the trial can and will be reset as originally scheduled.  The following amended deadlines will apply:

---

[1] As the Court understands it, the MDL plaintiffs and the Minnesota plaintiffs remain committed to a global resolution of the MDL and the Minnesota litigation.

| Description | Current Deadline | Amended Deadline |
|---|---|---|
| Pretrial Stipulation | January 20, 2023 | October 11, 2022 by 5 p.m.[2] |
| Pretrial Conference | February 3, 2023 at 8:30 a.m. (CDT) | October 21, 2022 at 10 a.m. |
| Prospective Jurors to Return Juror Questionnaires | January 30, 2023 | October 10, 2022 |
| Completed Juror Questionnaires Emailed to Counsel of Record | February 6, 2023 | October 17, 2022 |
| Parties to File Certification of Compliance with Pretrial Order No. 4 | February 14, 2023 8 a.m. (CDT) | October 25, 2022 |
| Trial | February 13, 2023 – February 24, 2023 | October 24, 2022 – November 4, 2022 |

All other aspects of the Order Setting Trial and Pretrial Schedule and Pretrial Order No. 4, ECF Nos. 21 & 25, remain in effect.

**SO ORDERED**, on this 2nd day of October, 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Pretrial Stipulation was originally due shortly before George was continued, on September 30, 2022.  Therefore, it should be already substantially complete.